**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :   Chapter 13
In re:                                                        :
                                                              :   Case No. 11-37183 (cgm)
      Catherine M. Dumain,                                :
                                                              :
                              Debtor.            :
                                                              :
-------------------------------------------------------------X

## MEMORANDUM DECISION DISALLOWING CLAIM AS LATE-FILED

**A P P E A R A N C E S :**

Edward Quilice, Esq.
Simon Haysom LLC
One Railroad Ave.
Goshen, NY 10924
*For the Debtor*

Eric S. Sheidlower, Esq.
Rosicki, Rosicki & Associates, P.C.
51 East Bethpage Road
Plainview, NY 11803
*For Bank of America, N.A.*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      Debtor objects to the secured claim of Bank of America, N.A., alleging that the claim should be disallowed as late-filed. The Court holds that the Creditor was required to comply with the claims bar date[1] imposed by Federal Rule of Bankruptcy Procedure 3002(c) and disallows the claim for failure to do so.

---

[1]     Although the term "bar date" does not appear in the Bankruptcy Code, bankruptcy courts and practitioners often refer to the deadline to file proofs of claim as the "claims bar date" or simply "bar date."

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**Background**

The Debtor objects to claim number 12-1, a secured claim filed by Bank of America, N.A ("Creditor").  Dr's Obj. 1, ECF No. 57.  Debtor asserts that the claim should be disallowed as a consequence of Creditor's failure to file its claim prior to the claims bar date. *Id*.  Creditor's proof of claim was filed on April 19, 2012 in the amount of $357,751.50, and included mortgage arrears of $4,093.45. *Id*.  The first section 341 meeting of creditors was scheduled for August 24, 2011.  Notice of 341(a) 1, ECF No. 7.  The claims bar date was November 22, 2011 pursuant to Bankruptcy Rule 3002(c),[2] which states that "[i]n a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code…."  Debtor argues that the claim should be disallowed pursuant to section 502(b)(9),[3] which provides for the disallowance of untimely claims.

Creditor opposes the objection, arguing that secured creditors need not file proofs of claim in chapter 13 cases pursuant to Bankruptcy Rule 3002(a).  Cr's Opposition 2, ECF No. 59.  Bankruptcy Rule 3002(a) states that "[a]n unsecured creditor or an equity holder must file a proof of claim or interest for the claim to be allowed except as provided in Rules 1019(3), 3003,

---

[2]    Unless otherwise indicated, all Bankruptcy Rule references are to the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 1001 – 9037.

[3]    Unless otherwise indicated, all sectional references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (2012).

3004, and 3005." *Id*. Creditor argues that Bankruptcy Rule 3002(a) only mentions unsecured creditors and equity holders; therefore, secured creditors need not file proofs of claim in chapter 13 cases. *Id*. Creditor also argues that the omission of secured creditors from Bankruptcy Rule 3002(a) means that secured creditors need not comply with the bar date imposed by Bankruptcy Rule 3002(c). *Id*.

Creditor argues that disallowance of the largest secured claim will defeat the rehabilitative purposes of chapter 13. Cr's Opposition 3, ECF No. 59. Creditor points out that its lien will survive the bankruptcy whether the secured claim is allowed or not. *Id*. Creditor believes it would be at odds with the purpose of chapter 13 to leave the Debtor with a large unresolved debt upon completion of the case. *Id*.

In the alternative, Creditor argues that the Debtor acquiesced to the existence of the claim by listing it in her schedules and chapter 13 plan. Cr's Opp. 4, ECF No. 59. Debtor has filed three proposed plans in this case. The first was filed contemporaneously with the petition on July 29, 2011 and did not list any prepetition debt owed to Creditor. Plan 3, ECF No. 4. An amended plan was filed July 17, 2012, and proposed to treat prepetition arrears to Creditor in the amount of $4,093.45. Amend. Plan 3, ECF No. 35. A second amended plan was filed on September 27, 2012 and did not list any prepetition debt to Creditor. Sec. Amend. Plan 3, ECF No. 42.

## Discussion

**I. The Creditor must obtain an allowed claim to receive distributions from the chapter 13 plan.**

Creditor argues that "[i]n a chapter 13 case, a proof of claim need not be filed by a creditor which is asserting a secured claim." Cr's Opp. 2, ECF No. 59. Creditor cites to Bankruptcy Rule 3002(a) in support of its argument, which states:

> (A) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

Fed. R. Bankr. P. 3002(a). Bankruptcy Rule 3002(a) mentions only unsecured creditors and equity holders, not secured creditors. On its face, Bankruptcy Rule 3002(a) seems to suggest that secured creditors need not file proofs of claim. This reading of Bankruptcy Rule 3002(a) is inconsistent with sections 501, 502, 1326(c), and with Bankruptcy Rule 3021. *In re Hogan*, 346 B.R. 715, 719 (Bankr. N.D. Tex. 2006).

Section 501 provides that "[a] creditor or an indenture trustee may file a proof of claim." Section 502 states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." Therefore, a proof of claim creates a claim that is presumptively allowed unless a party in interest objects.

Section 1326(c) requires the chapter 13 trustee to make plan distributions to creditors under the plan. The trustee can only make those distributions on account of allowed claims. Fed. R. Bankr. P. 3021 ("after a plan is confirmed, distribution shall be made to creditors whose clams have been allowed…..").

Combined, these provisions indicate that the creditor must file a proof of claim to be entitled to plan distributions. *Hogan*, 346 B.R. at 719. Distributions are made to creditors who hold allowed claims under Bankruptcy Rule 3021, and the filing of a proof of claim initiates the allowance process under sections 501 and 502. *Id*. "In sum, if a creditor elects not to file a claim, then it also elects not to be paid under the plan." *Id*. at 720 (citing *In re Macias,* 195 B.R. 659, 660–61 (Bankr. W.D. Tex. 1996); *In re Baldridge,* 232 B.R. 394, 396 (Bankr. N.D. Ind. 1999)); *see also In re Minbatiwalla*, 424 B.R. 104, 118 n. 8 (Bankr. S.D.N.Y. 2010) ("[I]f the

secured creditor wants to receive payments under a confirmed plan, the creditor must file a proof of claim.").

This does not mean that Creditor is entirely incorrect in arguing that it need not file a proof of claim. "As a general rule, a secured creditor in a chapter 13 case is not required to file a proof of claim [and] may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt." *Hogan*, 346 B.R. at 719 n.7 (citations omitted). It is a "well-established principle of bankruptcy law that liens pass through bankruptcy proceedings unaffected." *Federal Deposit Insurance Corporation v. Union Entities (In re Be-Mac Transport Company, Inc.)*, 83 F.3d 1020, 1025 (8th Cir. 1996) (citing *Dewsnup v. Timm,* 502 U.S. 410, 417 (1992); *Long v. Bullard,* 117 U.S. 617, 620-21 (1886)). Therefore, Creditor has the option to look to its lien for satisfaction as the sole means of satisfying the debt. To be entitled to distributions from the chapter 13 plan, Creditor needs an allowed claim.

**II. The Creditor was required to comply with the deadline for filing claims imposed by Federal Rule of Bankruptcy Procedure 3002(c).**

Having determined that Creditor was required to file a proof of claim to become entitled to distributions under the chapter 13 plan, the Court turns to the issue of timeliness. Bankruptcy Rule 3002(a) states:

> (a) NECESSITY FOR FILING. An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

Bankruptcy Rule 3002(c) states:

> (c) TIME FOR FILING. In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under §341(a) of the Code….

Fed. R. Bankr. P. 3002(a).  Bankruptcy Rule 3002(c) then enumerates five exceptions that are not implicated here.

The fact that Bankruptcy Rule 3002(a) omits secured creditors creates an issue of interpretation as to whether Bankruptcy Rule 3002(c) applies to secured creditors.  Courts interpreting these provisions fall into three camps.

    A.  <u>The three approaches.</u>

        *i. The first approach: the secured creditor need not comply with any bar date.*

Some courts reason that the omission of secured creditors from Bankruptcy Rule 3002(a) means that they should also be entirely omitted from Bankruptcy Rule 3002(c).  These courts apply no bar date to secured claimants in chapter 13.  In *In re Mehl*, 2005 WL 2806676, at *2 (Bankr. C.D. Ill. Oct. 25, 2005), the court noted that Bankruptcy Rule 3002(a) omits secured creditors, and that no other reference is made to a bar date for secured creditors in the Bankruptcy Code or Bankruptcy Rules.  *Id*.  The court found that a secured creditor must file a proof of claim in order to be paid through the chapter 13 plan, but rather than creating "a deadline out of whole cloth" by imposing a "firm deadline where none exists by statute or rule," the court imposed an open duty on the secured creditor to file the proof of claim in order to receive plan payments.  *Id*. at *2-3.  The court reasoned that "[t]he economic incentive that a secured creditor has to file its own proof of claim should go a long way toward eliminating this problem."  *Id*. at *4.

The court also found that this interpretation was consistent with section 502(b)(9), which provides that a claim to which an objection is made should be allowed unless "proof of such claim is not timely filed."  *Id*. at *3.  The court declined to decide whether a secured claim could

be "untimely" if filed so late in the case that plan funds had already been distributed, making distribution to the secured creditor impossible. *Id*. The court left that issue for another day. *Id*.

> ii. *The second approach: the secured creditor must comply with a bar date, but the bar date is not necessarily the bar date provided in Bankruptcy Rule 3002(c).*

Other courts reason that the omission of secured creditors from Bankruptcy Rule 3002(a) does not mean that secured creditors are free from complying with any bar date; rather, those courts believe that the specific bar date of Bankruptcy Rule 3002(c) does not apply. In *In re Macias*, 195 B.R. 659, 661-62 (Bankr. W.D. Tex. 1996), the chapter 13 trustee argued that without a bar date for secured claims, she would be forced to distribute to secured creditors even if their claims were filed years into the plan distribution process. Once a claim is filed, it is deemed allowed under section 502(a) absent objection. *Id*. If the trustee lacked the ability to object on the grounds of timeliness, she would be faced with a new allowed secured claim. *Id*. It would be unclear whether to seek dismissal of the case, modification of the plan, or some other remedy given the practical impossibility of satisfying the claim. *Id*.

The court agreed that bar dates are critical in ensuring the certainty of chapter 13 administration. *Id*. at 662 (citing *In re Friesenhahn,* 169 B.R. 615, 634–35 (Bankr. W.D. Tex. 1994)). The Bankruptcy Rules provided no such bar date in the case of secured creditors. *Id*.

In the years before the *Macias* case was decided, there was a division among the cases as to whether the bar date applied to any late claim in chapter 13. *Id*. at 661 (citing *In re Hausladen,* 146 B.R. 557 (Bankr. D. Minn.1992) (*en banc*); *In re Zimmerman,* 156 B.R. 192 (Bankr. W.D. Mich.1993)). The oft-cited case on the issue was *Hausladen*, which held that [t]he rights of tardily filing claim holders in Chapter 13 cases are not defined by the Code but rather are controlled by the Chapter 13 plan." 146 B.R. at 560. At that time, section 502(b) contained

Page **7** of **17**

eight grounds for disallowance of claims, none of which dealt with the timeliness of the proof of claim. *Id*. at 559-60. Section 726 provided for distribution to untimely-filed claims in chapter 7 cases, illustrating that the treatment of a claim may have depended on the timing of the proof of claim; allowance did not. *Id*. at 560. In such cases, the plan would govern the treatment of late-filed claims in chapter 13 cases, not the disallowance process. *Id*.

Congress expressly superseded *Hausladen* in 1994 through the passage of section 502(b)(9), which provides that a late-filed claim may be disallowed. H.R. Rep. 103-835, 48, 1994 U.S.C.C.A.N. 3340, 3357 ("The amendment to section 502(b) is designed to overrule *In re Hausladen,* 146 B.R. 557 (Bankr. D. Minn. 1992), and its progeny by disallowing claims that are not timely filed.").

The *Macias* court found the amendment to section 502(b) to be significant, holding that "the new statute does presume a 'timeliness' feature, without distinguishing between secured or unsecured claims, and applies of course in chapter 13 cases." 195 B.R. at 661. Secured creditors were omitted from Bankruptcy Rule 3002. *Id*. The court held that there must be some "test" to determine the timeliness of secured claims in chapter 13, despite the absence of any guidance from the statutory text. *Id*. The court held that the appropriate bar date for secured creditors is the one imposed by Bankruptcy Rule 3002(c), which addresses the trustee's concerns regarding administration of the case. *Id*. at 663. In other words, the *Macias* court declined to impose the Bankruptcy Rule 3002(c) bar date on secured creditors. It decided to impose the same time limit as a matter of policy and to give effect to section 502(b)(9).

Other courts have suggested different deadlines, such as "upon completion of all plan payments by the debtor … after the trustee files a final report … or when the case is closed." *In re Hudson*, 260 B.R. 421, 438 n. 36 (Bankr. W.D. Mich. 2001).

> *iii. The third approach: secured creditors must comply with the bar date imposed by Bankruptcy Rule 3002(c).*

A third group of courts apply the bar date of Bankruptcy Rule 3002(c) to secured creditors. In *In re Dennis*, 230 B.R. 244, 255 (Bankr. D. N.J. 1999), the court held that secured creditors should be held to Bankruptcy Rule 3002(c). The court began with a discussion of the Advisory Committee notes to Bankruptcy Rule 3002, which indicate that Bankruptcy Rule 3002(c) manifests Congress's intent to abandon the requirement under old Rule 13-302 that secured creditors file proofs of claim earlier than unsecured creditors. *Id*. at 251. The bar date was also shortened from six months to 90 days. *Id*. If Congress intended a different treatment for secured creditors under the new Bankruptcy Rules, it could have articulated a distinct treatment as it had done under the old Rules. *Id*.

The *Dennis* court also found that the omission of secured creditors from Bankruptcy Rule 3002(a) could not be imputed to Bankruptcy Rule 3002(c). *Id*. at 251-52. Secured creditors were not listed in the five enumerated exceptions to Bankruptcy Rule 3002(c). *Id*. The omission of secured creditors from Bankruptcy Rule 3002(a) "undoubtedly" had its roots in the well-settled doctrine that liens survive bankruptcy. *Id*. at 252 (citing *Dewsnup*, 502 U.S. at 418). The Advisory Committee note to Bankruptcy Rule 3002(a) states that "[a] secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination and allowance or disallowance under § 502." *Dennis*, 230 B.R. at 252. In those cases where a creditor chooses to ignore the bankruptcy and instead look to its lien for satisfaction, Bankruptcy Rule 3002(a) recognizes that the secured creditor need not file a proof of claim to undertake that strategy. *Id*.

This reading of Bankruptcy Rule 3002(a) and (c) reconciled those provisions with section 502(a), which provides that the filing of a proof of claim creates an allowed claim absent

objection. *Id*. Section 101(5) defines "claim" broadly, encompassing any "right to payment, whether or not such right is … secured, or unsecured…." *Id*. If an objection to a "claim" is made, such "claim" is disallowed if not timely filed under section 502(b)(9). *Id*. Therefore, disallowance under section 502(b)(9) applies to "claims," secured or unsecured. *Id*.

The court noted that confirmation of a plan does allow the secured claim to the extent provided in the plan. *Id*. Section 1327(a) makes the plan binding on all parties. *Id*. A secured creditor need not file a proof of claim to receive distributions under the plan to the extent the plan provides for the creditor; it must only timely file a proof of claim to be entitled to distributions to any other extent. *Id*. at 253.

The *Dennis* court also noted several policy rationales for imposing the Bankruptcy Rule 3002(c) bar date on secured creditors. *Id*. If secured creditors were not bound to the 90-day bar date, they could significantly impair the plan distribution process. *Id*. Without a deadline for filing proofs of claims in secured cases, the trustee would be bound to pay "not less than the allowed amount of such claim" under section 1325(a)(5)(B)(ii). *Id*. This result would run afoul of the requirement of section 1326(a)(2) that the trustee make distributions as soon as practicable after confirmation. *Id*. The trustee would be unable to comply with section 1326(a)(2) with any certainty if a secured creditor could file a proof of claim years after confirmation. *Id*. Potentially, the secured creditor would be able to claw back funds that had already been distributed. *Id*. (citing *In re Tucker,* 174 B.R. 732, 743 (Bankr. N.D. Ill. 1994); *In re Turner,* 157 B.R. 904, 911 (Bankr. N.D. Ala. 1993); *In re Duarte,* 146 B.R. 958, 960–61 (Bankr. W.D. Tex. 1992)). Moreover, debtors would be forced modify plans each time a secured proof of claim was filed. *Dennis*, 230 B.R. at 253.

  B. <u>There is little Second Circuit authority regarding the issue.</u>

*In re Harris*, 64 B.R. 717, 719 (Bankr. D. Conn. 1986) held that Bankruptcy Rule 3002(a) and (b) could not be read independently of one another because

> [s]ubparagraph (a) states *who* must file a proof of claim, (b) states *where* the claim is to be filed, and (c) states *when* the claim must be filed. To suggest that (c) requires a chapter 13 secured creditor to file a proof of claim within 90 days of the first day set for the meeting of creditors would distort the clear language of the rule. If the drafters wished to include secured creditors in 3002(a) so that such creditors would come within the time limitation established by 3002(c), they would have done so.

*Id*. The *Harris* court held that reading of Bankruptcy Rule 3002 in this way was not inconsistent with the Code, which merely states that a creditor "may" file a proof of claim. *Id*. (citing section 501(a)). The *Harris* decision predated the passage of section 502(b)(9), which provides for the disallowance of late-filed claims.

*Harris* also held that the rehabilitative purposes of chapter 13 were better served by allowing the secured creditor to file a proof of claim at any time. 64 B.R. at 719. "Granting wage-earning debtors an opportunity to cure arrearages to save their homes as part of their fresh start was one of Congress's principal objectives in strengthening the analogous provisions under Chapter XIII of the Act to make plans under Chapter 13 more attractive to debtors." *Id*. The court reasoned that section 1325 and Bankruptcy Rule 3021 mandate that plan payments are only distributed on account of allowed claims, and a claim can only be allowed through filing a proof of claim under section 502. *Id*. A creditor that does not file a claim will still have a lien after the bankruptcy. *Id*. at 719-20. If a secured proof of claim could be expunged based on being late-filed, the Creditor would be able to enforce its lien, which passes through the bankruptcy unaffected, in state court. *Id*. at 720. The debtor would lose the ability to cure any default under section 1322(b)(5). *Id*.

In *U.S. v. Vecchio (In re Vecchio)*, 20 F.3d 555, 558 (2d Cir. 1994) the Second Circuit held that section 507 priority claims were not subject to the bar date of Bankruptcy Rule 3002(c) in chapter 7 cases. The court relied on the distribution scheme of section 726(a), which "imposes no threshold requirement of timely filing for a claim to be 'allowed' and thus eligible for payment." *Id*. The court also found it significant that section 502 only included "eight specified grounds for disallowance … and untimeliness is not among them." *Id*. at 558-59. The decision, therefore, predated the passage of section 502(b)(9), and relied on section 726 which is inapplicable to chapter 13 cases. Section 726(a)(1) was also amended in 1994 to add a timeliness component.[4]

In *In re Elmont Elec. Co., Inc.*, 206 B.R. 41, 44 (Bankr. E.D.N.Y. 1997) the court held that secured creditors who wish to file a proof of claim and participate in a chapter 7 estate must comply with the bar date deadline of Bankruptcy Rule 3002(c). The Court held that secured creditors were not excluded from Bankruptcy Rule 3002(c). *Id*. at 43. In so ruling, the court relied on the recent addition of section 502(b)(9) which Congress passed to "make clear that tardiness is a ground to disallow a claim, except as provided in Section 726, which allows *unsecured* creditors to share in a distribution though their claims have been tardily filed [emphasis in original]." *Id*. at 44. The court found it logical that untimely filed secured claims are not entitled to distribution from the estate under section 726, given that secured creditors can still look to their lien for satisfaction whether they hold an allowed claim or not. *Id*.

---

4   Section 726(a)(1) as it is written today states:

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of—
 (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
 (B) the date on which the trustee commences final distribution under this section;

        C. The Court holds that secured creditors must comply with the bar date imposed by Bankruptcy Rule 3002(c).

After reviewing the three approaches and the cases in the Second Circuit, the Court holds that Bankruptcy Rule 3002(c) applies to secured creditors in chapter 13. Section 502(b)(9) imposes a timeliness requirement on every "claim" with no qualification as to whether the claim is secured or unsecured, and section 101(5) defines "claim" as "secured or unsecured." A reading of Bankruptcy Rule 3002(a) and (c) that would result in no bar date for secured creditors would impermissibly circumvent the broad application of section 509(b)(9). *See* 28 U.S.C. § 2075 ("Such [bankruptcy] rules shall not abridge, enlarge, or modify any substantive right."); *see also Dennis*, 230 B.R. at 249 ("Thus, by enacting Code section 502(b)(9) and modifying Rule 3002, Congress elevated disallowance of claims for tardiness from a procedural matter, as *Zimmerman* [*In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993)] had held, to a matter of substantive law.").

The omission of secured creditor from Bankruptcy Rule 3002(a) should not be imputed to Bankruptcy Rule 3002(c). Bankruptcy Rule 3002(c) contains five enumerated exceptions, none of which relate to secured claims. *See In re Schaffer,* 173 B.R. 393, 396 n.8 (Bankr.N.D.Ill.1994) ("The use of the word 'unsecured' in Rule 3002(a) does not automatically transcend to the rest of the provisions of 3002. If Congress wanted to exclude secured creditors from the requirements of 3002(c) it would have done so as part of the exceptions to that section."). The absence of "secured creditor" from Bankruptcy Rule 3002(a) recognizes the principle that a secured creditor need not have an allowed claim for its lien to pass through bankruptcy. *Dennis*, 230 B.R. at 252 (citing *Dewsnup*, 502 U.S. at 418). As stated in *Dennis*, Advisory Committee Note to Bankruptcy Rule 3002(a) states that "[a] secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination

Page **13** of **17**

and allowance or disallowance under § 502." The reading of Bankruptcy Rule 3002 in the *Harris* decision, holding that (a) is the who, (b) is the where, and (c) is the timing, is therefore overstated in the Court's view.

Policy considerations further support this result. Without a claims bar date, secured creditors could file a proof of claim at any time, which would disrupt distribution and lead to uncertainty of administration. The Court sees no practical reason why the bar date for secured creditors should be any different from the bar date imposed in Bankruptcy Rule 3002(c). *See Macias*, 195 B.R. at 663 ("The court sees no reason why the same deadline ought not to apply to secured claims…. This firm bar date will assure the trustee that, by a date certain, she can make distributions to a secured creditor in accordance with the claim as timely allowed.").

The *Harris* court found that the rehabilitative process would not be served if secured claims could be disallowed as late-filed, as this would deny the debtor the ability to cure arrearages. 64 B.R. at 719. While Bankruptcy Rule 3021 states that distributions on account of a confirmed plan shall be made to creditors whose claims are allowed, the Court does not believe that the provision should be read to overcome the mandate in section 1327(a) that the "provisions of the confirmed plan bind the debtor and each creditor." *Dennis*, 230 B.R. at 252-53 ("To the extent that *Schaffer* and other courts have held that a secured creditor must file a proof of claim even to receive the amount which a debtor's plan proposes to pay it, this court disagrees, because such holdings overlook the fact that confirmation binds the debtor under Code section 1327(a)."). Under section 1327(a), confirmation of the plan allows a secured creditor to receive distributions to the extent provided in the plan, even if no proof of claim is filed. *Id*. at 252.

In this case, Creditor's proof of claim was filed after the bar date imposed by Bankruptcy Rule 3002(c), and an objection was raised under section 502(b)(9).  Therefore, the claim is disallowed.

### III. The Creditor has not established the existence of an informal proof of claim.

Creditor also argues that the fact that Debtor listed the Creditor in its proposed plan and in its bankruptcy schedules means that the Debtor acquiesces to Creditor's intent to hold it liable for the debt.  Therefore, Creditor argues that it need not file a proof of claim in this case.

"The doctrine of informal proof of claim provides that 'a creditor's filing of a document ... which indicates, at a minimum, the basis for a claim and the creditor's intent to hold the estate liable, may constitute an informal proof of claim capable of being later amended by a formal proof of claim.'"  *In re Dove House, Inc.*, 233 B.R. 230, 232 (Bankr. D. Conn. 1999) (quoting *In re Veilleux,* 140 B.R. 28, 29 (Bankr.D.Conn.1992)).  The doctrine derives from the Second Circuit's holding in *In re Lipman*, 65 F.2d 366, 368 (2d Cir. 1933) "that it is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required."

To be an informal proof of claim, a document "must have been 1) timely filed with the bankruptcy court and become part of the judicial record, 2) state the existence and the nature of the debt, 3) state the amount of the claim against the estate, and 4) evidence the creditor's intent to hold the debtor liable with the debt." *In re St. James Mechanical, Inc.*, 434 B.R. 54, 63 (Bankr. E.D.N.Y. 2010) (quoting *In re Houbigant, Inc.,* 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995)).  The party seeking to use the informal proof of claim doctrine bears the burden of proof. *In re Spresser*, 2012 WL 124855, at *3 (D. Kan. Jan. 17, 2012) (citing *In re Smith*, 100 B.R. 289, 293 (Bankr. D. S.C. 1988)).

Mere inclusion in the Debtors' schedules does not constitute an informal proof of claim. *In re Boudinot*, 237 B.R. 413, 418 (Bankr. S.D. Oh. 1999) (citing *In re Casterline,* 51 B.R. 219, 220 (Bankr. D. Colo. 1985)). The same is true for the plan. *In re Harper*, 138 B.R. 229, 248 (Bankr. N.D. Ind. 1991) ("[T]he case law is clear that neither the debtor's plan nor his schedules, standing alone, can constitute an informal claim by the creditor…."). This is because the creditor must make a demand, not sit idly by. *See Id.* (citing *Anderson-Walker Industries, Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Industries, Inc.)*, 798 F.2d 1285 (9th Cir. 1986)); *see also Dove House*, 233 B.R. at 232-33.

Creditor has not met its burden of establishing an informal proof of claim by pointing to the Debtor's schedules and proposed plan.

### IV. Debtor's first amended plan did not create a proof of claim.

On July 17, 2012 the Debtor docketed an amended chapter 13 plan. Amend. Plan, ECF No. 35. Unlike the Debtor's original plan and second amended plan, this plan listed Bank of America as a secured creditor owed prepetition arrearages. Amend. Plan 3, ECF No. 35. The amended plan listed arrears of $4,093.45 and a collateral value of $325,000 in Section D, Category 2(a)(iv).

This District's Model Chapter 13 Plan states that by listing prepetition arrears, the debtor "shall be deemed to have timely filed a proof of claim on behalf of each such Secured Creditor pursuant to 11 U.S.C. § 501(c), in the amount set forth below in Section D, Category 2(a)(iv)" in the event that the secured creditor "fails to timely file a proof of claim…." *See* Model Chapter 13 Plan, Section D, Category 2(a)(i), *available at* http://www.nysb.uscourts.gov/chapter-13-forms.

Bankruptcy Rule 3004 provides, however, that a proof of claim filed by the debtor or trustee on a creditor's behalf must be filed "within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." The bar date in this case under Bankruptcy Rule 3002(c) was November 22, 2011. Consequently, proofs of claim filed on behalf of Creditor were due on December 22, 2011. The first amended plan could not operate as a proof of claim because it was filed after this deadline.

### Conclusion

For the foregoing reasons, the Debtor's objection to claim is GRANTED. The Debtor should submit an order consistent with this decision.


Dated: Poughkeepsie, New York
      May 8, 2013

                                /s/ Cecelia G. Morris
                                CECELIA G. MORRIS
                                CHIEF UNITED STATES BANKRUPTCY JUDGE